# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARNELL C. COLLINS, | Case No. 1:11-cv-01534-LJO-SKO PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS THAT DEFENDANTS' MOTIONS TO DISMISS BE GRANTED AS TO OFFICIAL CAPACITY CLAIM AND DENIED ON ALL OTHER GROUNDS |
| v. | |
| SHERRY LOPEZ, et al., | |
| Defendants. | (Docs. 14 and 19) |
| | FOURTEEN-DAY OBJECTION DEADLINE |

## I. Procedural History

Plaintiff Larnell C. Collins ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on September 12, 2011. This action is proceeding against Defendants Lopez, Tuhin, Chen, Schaefer, Shittu, and Negre for violation of the Eighth Amendment, arising out of the failure to provide adequate medical care for Plaintiff's fractured hand while he was at Kern Valley State Prison. 28 U.S.C. § 1915A.

On February 14, 2013, Defendants Lopez, Tuhin, Chen, and Schaefer filed a motion to dismiss on the grounds that Plaintiff's claims are barred by the statute of limitations, Plaintiff fails to state any claims upon which relief may be granted, and Plaintiff's official capacity claim against Defendant Lopez is barred by the Eleventh Amendment. Fed. R. Civ. P. 12(b)(1), (6). (Doc. 14.) On April 5, 2013, Defendant Shittu joined in the previously filed motion to dismiss and filed a separate motion to dismiss for failure to state a claim. Fed. R. Civ. P. 12(b)(6). (Doc. 19.) After

obtaining several extensions of time, Plaintiff filed an opposition on June 21, 2013, and Defendants Lopez, Tuhin, Chen, Schaefer, and Shittu ("Defendants") filed a reply on June 28, 2013.[1] (Docs. 26, 27.) The motions have been submitted upon the record without oral argument. Local Rule 230(*l*).

**II.    Defendants' Motions to Dismiss**

    **A.    Statute of Limitations**

        **1.    Legal Standard**

As an initial matter, Defendants err in citing to Federal Rule of Civil Procedure 12(b)(1) and arguing that the Court lacks subject matter jurisdiction because Plaintiff's claim is barred by the statute of limitations. The statute of limitations is not jurisdictional; it is an affirmative defense properly raised in a 12(b)(6) motion so long as the running of the statute is apparent on the face of the complaint. *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 969 (9th Cir. 2010) (citing *Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 997 (9th Cir. 2006)), *cert. denied*, 131 S.Ct. 3055 (2011); *Elliott v. City of Union City*, 25 F.3d 800, 801 n.1 (9th Cir. 1994) (citing *Krug v. Imbordino*, 896 F.2d 395, 396 (9th Cir. 1990)).

Federal law determines when a claim accrues, and "[u]nder federal law, a claim accrues when the plaintiff knows or should know of the injury that is the basis of the cause of action." *Douglas v. Noelle*, 567 F.3d 1103, 1109 (9th Cir. 2009) (citation omitted); *Maldonado v. Harris*, 370 F.3d 945, 955 (9th Cir. 2004); *Fink v. Shedler*, 192 F.3d 911, 914 (9th Cir. 1999). Because section 1983 contains no specific statute of limitations, federal courts should apply the forum state's statute of limitations for personal injury actions. *Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004); *Maldonado*, 370 F.3d at 954; *Fink,* 192 F.3d at 914. California's statute of limitations for personal injury actions was extended to two years effective January 1, 2003. Cal. Civ. Proc. Code § 335.1; *Jones*, 393 F.3d at 927; *Maldonado*, 370 F.3d at 954-55.

In actions where the federal court borrows the state statute of limitations, courts should also borrow all applicable provisions for tolling the limitations period found in state law. *Jones*, 393 F.3d at 927. Under California law, prisoners who at the time the cause of action accrued were

---

[1] Defendant Negre has not yet been served with process.

either imprisoned on a criminal charge or serving a sentence of less than life for a criminal conviction benefit from a two-year tolling provision for damages actions. Cal. Civ. Proc. Code § 352.1.

In addition, California's equitable tolling doctrine "applies when an injured person has several legal remedies and, reasonably and in good faith, pursues one." *McDonald v. Antelope Valley Community College Dist.*, 45 Cal.4th 88, 100 (Cal. 2008) (citation and internal quotation marks omitted). The equitable tolling of statutes of limitations is a judicially created, nonstatutory doctrine designed to prevent unjust and technical forfeitures of the right to a trial on the merits when the purpose of the statute of limitations - timely notice to the defendant of the plaintiff's claims - has been satisfied, *McDonald*, 45 Cal.4th at 99 (quotation marks and citations omitted), and pursuit of administrative remedies equitably tolls the statute of limitations so long as there was timely notice, lack of prejudice to the defendant, and reasonable, good faith conduct on the part of the plaintiff, *id.* at 101-03.

**2.    Discussion**

Plaintiff alleges that he injured his hand on September 26, 2008, he learned his hand was broken on September 29, 2008, and he was informed that his hand healed incorrectly on May 5, 2009. (Doc. 1, ¶¶12, 13, 30-33, 91-96.) Defendants argue that as a prisoner serving a sentence of life without the possibility of parole, Plaintiff had two years within which to file suit and viewing the allegations in Plaintiff's favor, he would have had to file suit on or before May 5, 2011.[2] (Doc. 14-1, 4:21-5:21.)  In opposition, Plaintiff argues that he brought suit within two years after exhausting the inmate appeals process. (Doc. 26, 3:12-5:15.) In reply, Defendants concede that Plaintiff was entitled to equitable tolling during the period of exhaustion. (Doc. 27, 2:3-4.)

Assuming, without deciding, that Plaintiff had only two years from the accrual of his claim within which to file suit, Cal. Civ. Proc. Code § 352.1, the statute of limitations was equitably tolled while he exhausted his administrative remedies between October 8, 2008, and March 1, 2010, *McDonald*, 45 Cal.4th at 101-03. (Doc. 1, pp. 91, 116-118.) Whether Plaintiff's claim

---

[2] Defendants' request that the Court take judicial notice of the fact Plaintiff was sentenced to life without the possibility of parole is granted. (Doc. 15, Ex. A.)

accrued at the earliest on October 3, 2008, when he complained his hand was starting to heal incorrectly, or at the latest on May 5, 2009, when he learned his hand had healed incorrectly, Plaintiff filed suit on September 12, 2011, which was well within the two year statute of limitations. Therefore, as Defendants concede in their reply, they are not entitled to dismissal.

The Court notes that Plaintiff's complaint is accompanied by the evidence of his pursuit of administrative remedies and thus, Defendants would not have been entitled to dismissal even if Plaintiff had failed to raise the issue of equitable tolling in his opposition. *Von Saher*, 592 F.3d at 969; *Pesnell v. Arsenault*, 543 F.3d 1038, 1042 (9th Cir. 2008); *Daviton v. Columbia/HCA Healthcare Corp.*, 241 F.3d 1131, 1140 (9th Cir. 2001); *Cervantes v. City of San Diego*, 5 F.3d 1273, 1276 (9th Cir. 1993).

### B.     Failure to State a Claim

#### 1.     Legal Standard

A motion to dismiss brought pursuant to Rule 12(b)(6) tests the legal sufficiency of a claim, and dismissal is proper if there is a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Conservation Force v. Salazar*, 646 F.3d 1240, 1241-42 (9th Cir. 2011) (quotation marks and citations omitted), *cert. denied*, 132 S.Ct. 1762 (2012). In resolving a 12(b)(6) motion, a court's review is generally limited to the operative pleading. *Daniels-Hall v. National Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010); *Sanders v. Brown*, 504 F.3d 903, 910 (9th Cir. 2007), *cert. denied*, 553 U.S. 1031 (2008); *Huynh*, 465 F.3d at 1003-04; *Schneider v. California Dept. of Corr.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998).

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)) (quotation marks omitted); *Conservation Force*, 646 F.3d at 1242; *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). The Court must accept the well-pleaded factual allegations as true and draw all reasonable inferences in favor of the non-moving party, *Daniels-Hall*, 629 F.3d at 998; *Sanders*, 504 F.3d at 910; *Huynh*, 465 F.3d at 996-97; *Morales v. City of Los Angeles*, 214 F.3d 1151, 1153 (9th Cir. 2000), and in this Circuit, pro se litigants are

entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, *Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012); *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *Silva v. Di Vittorio*, 658 F.3d 1090, 1101 (9th Cir. 2011); *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).

### 2. **Statutory Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity, 28 U.S.C. § 1915A(a), and it must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief, 28 U.S.C. § 1915A(b)(1), (2).

The Court screened Plaintiff's complaint and in doing so, it issued a detailed order. (Doc. 6.) Because the screening standard does not differ from the standard governing Rule 12(b)(6) motions, *Watison*, 668 F.3d at 1112, the Court generally views motions to dismiss for failure to state a claim with disfavor. Unless a motion sets forth new or different grounds not previously considered by the Court, the Court is not inclined to rethink what it has already considered. *Sequoia Forestkeeper v. U.S. Forest Service*, No. CV F 09-392 LJO JLT, 2011 WL 902120, at *6 (E.D.Cal. Mar. 15, 2011) (citing *United States v. Rezzonico*, 32 F.Supp.2d 1112, 1116 (D.Ariz.1998)) (quotation marks omitted). This case presents no exception.

### 3. **Discussion**

The Court issued a screening order on August 28, 2012, setting forth the applicable legal standard and summarizing Plaintiff's allegations. (Doc. 6.) In that order, the Court found that Plaintiff stated claims against Defendants Lopez, Tuhin, Chen, Schaefer, Shittu, and Negre for violation of the Eighth Amendment but he failed to state claims against Defendants Chandrasekaran, Walker, and Jane Doe. (*Id.*) Plaintiff was provided with the opportunity to either file an amended complaint curing the identified deficiencies or proceed only on those claims found to be cognizable, and Plaintiff elected to proceed without amendment. (Doc. 7.) No basis

///

for revisiting that substantive screening order was identified in either motion to dismiss, and the Court will only briefly address the bases for the claims against Defendants.[1]

### a.  Chief Medical Officer Lopez

#### 1)  Causal Connection/Supervisory Liability

Despite Defendants' characterization to the contrary, Plaintiff is not proceeding against Defendant Lopez in the absence of any causal connection or without sufficient support for a supervisory liability claim. (Doc. 14-1, 7:16-9:7.) Plaintiff alleges that he broke his hand on September 26, 2008, and by the time he was seen by an outside orthopedist on October 14, 2008, his hand, which had been fractured in five places and incorrectly splinted, had started to heal. (Doc. 1, ¶¶12-55.) The orthopedist instructed his assistant to arrange for Plaintiff to be brought back for surgery on October 16, 2008, and when Plaintiff was not taken for surgery, he wrote a letter to Defendant Lopez on the day of the missed appointment informing her that he was in pain and required immediate surgery. (*Id.*, ¶¶56-59.) Plaintiff repeatedly sought to have surgery, but on May 5, 2009, the orthopedist informed Plaintiff the hand had healed, he would not do surgery without approval from prison officials, and it was unlikely they would approve surgery under the circumstances. (*Id.*, ¶¶60-96.) Plaintiff was transferred to another prison on June 16, 2009, without receiving surgery and his hand is allegedly deformed as a result. (*Id.*, ¶¶97-100.)

Deliberate indifference is shown where a prison official "knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it," *Farmer v. Brennan*, 511 U.S. 825, 847, 114 S.Ct. 1970 (1994), and in this Circuit, a sworn allegation that a supervisor or an administrator was placed on notice of a medical problem by letter but failed to take action is sufficient to defeat summary judgment, *Jett v. Penner*, 439

---

[1] Defendants fail to acknowledge that a substantive screening order was issued. The burden on Defendants in moving to dismiss for failure to state a claim despite the existence of a screening order finding to the contrary under the same legal standard should not be disregarded by Defendants or otherwise treated as if it is of no consequence. *See Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) ("A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law.") (internal quotations marks and citations omitted).

F.3d 1091, 1098 (9th Cir. 2006) (citing *Moore v. Jackson*, 123 F.3d 1082, 1087 (8th Cir. 1997)) (triable issue of fact in medical care case where inmate alleged he sent letters and administrators denied receiving them). It is therefore sufficient to support a claim at the pleading stage. Indeed, this basis for liability falls within one of the viable and longstanding supervisory liability theories identified by Defendants: alleged knowledge of a violation and the failure to take action to prevent it. *Snow v. McDaniel*, 681 F.3d 978, 989 (9th Cir. 2012) (citing *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989)); *Starr v. Baca*, 652 F.3d 1202, 1205-08 (9th Cir. 2011), *cert. denied*, 132 S.Ct. 2101 (2012).

To the extent Defendants wish to persuade the Court that the act of sending a letter does not, for purposes of supporting a claim, equate to knowledge, the law does not support this interpretation. *Jett*, 439 F.3d at 1098. An allegation of notice given supports an inference of knowledge, and it is immaterial whether the notice was provided through a chance meeting on the yard, a medical examination in the clinic, an inmate appeal, a letter, or some other avenue. *Id.*

### 2) **Inmate Appeal**

In addition to the letter sent on October 16, 2008, Plaintiff filed an inmate appeal to which Defendant Lopez provided a response at the second level on April 15, 2009, and Defendants argue in their reply that her response does not create Eighth Amendment liability. (Doc. 1, pp. 104-105; Doc. 27, 4:23-5:3.) The cases cited by Defendants stand for the proposition that the existence of a grievance procedure does not create any substantive rights, which precludes prisoners from claiming that deficiencies in and/or dissatisfaction with the procedure support a claim under the Due Process Clause. *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988). The Court at no time read a due process claim arising out of the appeals process into Plaintiff's complaint. The fact that inmates do not have any interests at stake with respect to the appeals process so as to invoke the protection of the Due Process Clause does not shield staff from liability if their actions in reviewing an appeal are otherwise sufficient to

///

///

///

support a claim that they were placed on notice as to the existence of a constitutional violation and failed to act to prevent it, as discussed above.[3] *Snow*, 681 F.3d at 989; *Starr*, 652 F.3d at 1205-08.

### 3) Receipt of Some Medical Care

Finally, Defendants argue that Plaintiff's allegations demonstrate he received medical care after sending the letter, thereby precluding him from stating a claim against Defendant Lopez. (Doc. 14-1, 8:5-6; Doc. 27, 5:12-14.)

This argument is untenable. A complete denial of medical care is not required to establish deliberate indifference. *Snow*, 681 F.3d at 986 (citing L*opez v. Smith*, 203 F.3d 1122, 1132 (9th Cir. 2000)). "The Eighth Amendment requires that prison officials provide a system of ready access to adequate medical care." *Hoptowit v. Ray*, 682 F.2d 1237, 1253 (9th Cir. 1982), *abrogated in part on other grounds by Sandin v. Conner*, 515 U.S. 472, 481-84, 115 S.Ct. 2293 (1995). "[M]edical staff must be competent to examine prisoners and diagnose illnesses," and must either "be able to treat medical problems or to refer prisoners to others who can." *Hoptowit*, 682 F.2d at 1253.

As previously set forth, Plaintiff alleges that after breaking his hand on September 26, 2008, he never received appropriate medical care for the injury and as a result, on May 5, 2009, he was informed by the same orthopedic surgeon who wanted to operate on October 16, 2008, that his hand had healed and it was therefore unlikely prison officials would approve the surgery. Given Plaintiff's allegation that his hand was left deformed by the failure to provide the recommended surgery at the time it was recommended, he has easily demonstrated the existence of a serious medical need and further injury as a result of the delay in treatment. *Snow*, 681 F.3d at 986-87; *Lopez*, 203 F.3d at 1131. The fact that Plaintiff was periodically seen by prison medical staff between his injury and May 5, 2009, does not defeat his claim that he did not receive appropriate care for the injury. *Snow*, 681 F.3d at 986; *Lopez*, 203 F.3d at 1132; *Hoptowit*, 682 F.2d at 1253.

///

---

[3] In the screening order, the Court distinguished claims brought against appeals coordinators conducting an administrative review of complaints of past violations. (Doc. 6, 6:3-8.)

Plaintiff's allegations are sufficient to support a claim that Defendant Lopez, a medical administrator, was on notice of his need for medical care but she failed to take action. *Jett*, 439 F.3d at 1098. Therefore, the Court recommends that Defendants' motion to dismiss the claim against Defendant Lopez for failure to state a claim be denied.

### b.     Registered Nurse Tuhin

Plaintiff alleges he showed Defendant Tuhin and LVN Rocha his hand on September 26, 2009, which he describes as swollen, painful, and black and blue on the palm. (Doc. 1, ¶¶17, 18.) Plaintiff could not bend or extend his right index finger. (*Id.*, ¶17.) Several hours later, Plaintiff showed LVN Rocha that the swelling had increased, and he said the pain was so unbearable he was sweating and his hand was shaking. (*Id.*, ¶21.) LVN Rocha gained the attention of Defendant Tuhin in the clinic and asked her if Plaintiff could see the doctor. (*Id.*, ¶22.) Plaintiff showed Defendant Tuhin his hand and explained the symptoms which caused him to believe his hand was broken. (*Id.*, ¶23.) Plaintiff also requested x-rays and/or pain medication. (*Id.*, ¶25.) Defendant Tuhin told him his hand was not broken and the swelling would go down, and she directed an officer to return him to his cell. (*Id.*, ¶¶24, 25.)

As Defendants argue, a mere disagreement in treatment does not support a claim for violation of the Eighth Amendment, *Snow*, 681 F.3d at 987; *Wilhelm*, 680 F.3d at 1122-23, but viewing the facts in the light most favorable to Plaintiff, Defendant Tuhin did not provide any medical treatment and she blocked Plaintiff from seeing a physician. Furthermore, a factfinder may conclude that a prison official knew of a substantial risk of harm from the very fact that the risk was obvious, *Foster v. Runnels*, 554 F.3d 807, 814 (9th Cir. 2009) (citing *Farmer*, 511 U.S. at 842) (quotation marks omitted), and based on the visible condition of Plaintiff's hand and the symptoms he described, which included unbearable pain, a trier of fact could find that Defendant Tuhin acted with deliberate indifference in turning Plaintiff away from the clinic. Under the facts alleged and at the pleading stage, Defendant Tuhin is not entitled to a finding as a matter of law that this incident, which left Plaintiff untreated and without pain relief for what was later diagnosed as a fractured hand, amounted to nothing more than a mere disagreement in treatment.

///

With respect to the incident on October 3, 2008, Plaintiff had been seeking pain medication for his injury and he was seen by Defendant Tuhin in the clinic. (Doc. 1, ¶43.) Plaintiff informed her that his hand was in fact broken and he had gone eight days without pain medication. (*Id.*) When Defendant Tuhin stated Plaintiff was on Gabapentin, Plaintiff informed her that he does not take Gabapentin and had not for more than a month. (*Id.*, ¶44.)

The failure to provide treatment for chronic or substantial pain supports a claim for relief, *Lopez*, 203 F.3d at 1132, and Plaintiff's allegations make it clear that he did not receive treatment from Defendant Tuhin at this appointment. (Doc. 1, ¶¶44, 45.) To the extent that the delay between the appointment with Defendant Tuhin and the subsequent appointment with Defendant Chen, a physician, was brief enough to defeat Plaintiff's claim, that is an issue for the evidentiary stage, particularly in light of the fact that Defendant Tuhin was on notice Plaintiff had not received any pain medication since breaking his hand on September 26, 2008.

Finally, with respect to the encounter on April 28, 2009, during which Defendant Tuhin declined to provide Plaintiff with the new elastic bandage he requested, the Court did not then nor does it now view this allegation as the basis for a separate Eighth Amendment claim against Defendant Tuhin. (Doc. 1, ¶90.) The Court found that Plaintiff's allegations were "sufficient to show that Defendants Lopez, Schaefer, Chen, Tuhin, Negre, and Shittu were aware of his hand injury but failed to ensure that Plaintiff received appropriate medical care for his broken hand, including pain medication and timely treatment, including surgery." (Doc. 6, 5:11-14.) Plaintiff's complaint is in narrative form in chronological order. By April 28, 2009, the alleged damage to his hand had already occurred, and the Court views this isolated allegation as merely a background fact which preceded the appointment during which Plaintiff was informed that his hand had healed. No reasonable reading of the screening order supports an interpretation that Plaintiff is proceeding against Defendant Tuhin because she denied his request for a new elastic bandage.

The Court recommends that Defendants' motion to dismiss the claim against Defendant Tuhin be denied, with prejudice.

///

///

#### c. <u>Doctor Chen</u>

Defendants again mischaracterize the basis for Plaintiff's claim and parse out individual allegations in their effort to demonstrate the absence of deliberate indifference. Plaintiff's claim against Defendant Chen arises from the delay in providing appropriate treatment for Plaintiff's injured hand, which allegedly led to permanent deformity.[4] Defendant Chen was one of Plaintiff's treating prison physicians and he was aware of Plaintiff's fracture, the need for Plaintiff to be seen by an orthopedist, and Plaintiff's need for surgery. (Doc. 1 ¶¶45, 64, 87.) When Plaintiff first saw Defendant Chen, surgery was still an option and it was recommended by the orthopedic surgeon. By the time of Plaintiff's third visit to Defendant Chen, almost six months had passed and approximately eight weeks later, Plaintiff was informed that his hand had healed and surgery would likely not be approved.

At this stage in the proceedings, the failure by Defendant Chen to ensure that Plaintiff received the treatment Defendant knew to be necessary for Plaintiff's condition is sufficient to support a claim. *Wilhelm*, 680 F.3d at 1122-23; *Jett*, 439 F.3d at 1096-9. The Court recommends that Defendants' motion to dismiss the claim against Defendant Chen be denied, with prejudice.

#### d. <u>Doctor Schaefer</u>

Defendant Schaefer, like Defendant Chen, was one of the treating prison physicians Plaintiff saw throughout the relevant time period, and like Defendant Chen, Defendant Schaefer was aware of Plaintiff's serious medical need and need for outside treatment, treatment which was never received. (Doc. 1, ¶¶60-99.) The pleading stage presents a "low threshold," *Wilhelm*, 680 F.3d at 1123, and Plaintiff is entitled to have his pleading liberally construed and to have any doubt resolved in his favor, *id.* at 1123. What the evidence will show as to each individual defendant's involvement remains to be seen, but in this Circuit, an inmate may be able to prevail on an Eighth Amendment claim where the prison physician failed to follow through and ensure that treatment known to be necessary was received, resulting in harm to the inmate. *Wilhelm*, 680 F.3d at 1122-23; *Jett*, 439 F.3d at 1096-9. In this case, the alleged harm caused by the failure to

---

[4] While Plaintiff also alleges that he was not provided with treatment for his pain, those allegations are not made against Defendant Chen.

11

provide treatment cannot be fairly characterized as insignificant and given the nature of Plaintiff's claim, he is entitled to proceed against Defendant Schaefer, at least at the pleading stage.

The Court recommends that Defendants' motion to dismiss the claim against Defendant Schaefer be denied, with prejudice.

### e. **Doctor Shittu**

Defendant Shittu, like Defendants Chen and Schaefer, was one of Plaintiff's treating physicians and he was involved in attempting to secure Plaintiff outside care for his hand; thus, the basis for liability is the same. While Defendant Shittu only saw Plaintiff one time, on October 10, 2008, Plaintiff complained that it had been fifteen days since his injury and his hand had already started to heal incorrectly. (Doc. 1, ¶¶50, 51.) Given Plaintiff's allegation that on October 14, 2008, the orthopedic surgeon told Plaintiff that nineteen days was too long and his hand had started to heal, Plaintiff is entitled to proceed against Defendant Shittu at the pleading stage. *Wilhelm*, 680 F.3d at 1122-23; *Jett*, 439 F.3d at 1096-9.

The Court recommends that Defendant Shittu's motion to dismiss the claim against him be denied, with prejudice. (Doc. 19.)

### C. **Eleventh Amendment Immunity**

Finally, Defendants argue that Plaintiff's claim against Defendant Lopez in her official capacity is barred by the Eleventh Amendment. (Doc. 14-1, 5:22-6:8.)

In his prayer for relief, Plaintiff alleges that Defendants are being sued in their official and individual capacities. (Doc. 1, ¶124.) This action is limited to damages, and "[t]he Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials in their official capacities." *Aholelei v. Dept. of Public Safety*, 488 F.3d 1144, 1147 (9th Cir. 2007) (citations omitted). Therefore, Plaintiff's official capacity claim against Defendant Lopez, or any other named defendant, is barred. However, Plaintiff's individual, or personal, capacity claim against Defendant Lopez is not barred and for the reasons previously set forth, Plaintiff has stated a claim against her.

Accordingly, the Court recommends that Defendants' motion to dismiss the official capacity claim against Defendant Lopez be granted. In as much as the deficiency cannot be cured,

the Court recommends the official capacity claim be dismissed, with prejudice. *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012).

### III.     Recommendations

Based on the foregoing, the Court HEREBY RECOMMENDS that Defendants' motions to dismiss, filed on February 14, 2013, and April 5, 2013, be GRANTED IN PART and DENIED IN PART as follows:

1. Defendants' motion to dismiss the official capacity claim against Defendant Lopez be GRANTED and the claim be dismissed, with prejudice;

2. Defendants' motion to dismiss Plaintiff's claims as barred by the statute of limitations be DENIED; and

3. Defendants' motions to dismiss the claims against them for failure to state a claim upon which relief may be granted be DENIED, with prejudice.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court. Local Rule 304(b). The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **August 6, 2013**                            **/s/ Sheila K. Oberto**
                                                                              UNITED STATES MAGISTRATE JUDGE