# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARNELL C. COLLINS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SHERRY LOPEZ, et al.,<br><br>　　　　Defendants.<br>_____/ | Case No. 1:11-cv-01534-LJO-SKO PC<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DEFENDANT NEGRE'S MOTION TO DISMISS BE DENIED FOR FAILURE TO STATE A CLAIM AND BE GRANTED BASED ON QUALIFIED IMMUNITY<br><br>(Doc. 28)<br><br>THIRTY-DAY OBJECTION DEADLINE |

## I.　Procedural History

Plaintiff Larnell C. Collins, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on September 12, 2011. This action for damages is proceeding against Defendants Lopez, Schaefer, Chen, Tuhin, Negre, and Shittu for violation of the Eighth Amendment, arising out of the failure to provide adequate medical care for Plaintiff's fractured hand. 28 U.S.C. § 1915A.

On July 18, 2013, Defendant Negre filed a motion to dismiss and a notice of joinder in the motion to dismiss filed by Defendants Tuhin, Chen, Schaefer, and Lopez on February 14, 2013. Plaintiff did not file a response and the motion has been submitted upon the record without oral argument. Local Rule 230(*l*).

On September 3, 2013, the Court denied Defendants Tuhin, Chen, Schaefer, and Lopez's motion to dismiss Plaintiff's claims as time barred. Therefore, the Court reaches only Defendant Negre's arguments that Plaintiff's allegations do not state a claim upon which relief may be granted and that he is entitled to qualified immunity.

## II.     Motion to Dismiss for Failure to State a Claim

### A.     Legal Standard

A motion to dismiss brought pursuant to Rule 12(b)(6) tests the legal sufficiency of a claim, and dismissal is proper if there is a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Conservation Force v. Salazar*, 646 F.3d 1240, 1241-42 (9th Cir. 2011) (quotation marks and citations omitted), *cert. denied*, 132 S.Ct. 1762 (2012). In resolving a 12(b)(6) motion, a court's review is generally limited to the operative pleading. *Daniels-Hall v. National Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010); *Sanders v. Brown*, 504 F.3d 903, 910 (9th Cir. 2007); *Schneider v. California Dept. of Corr.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998).

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)) (quotation marks omitted); *Conservation Force*, 646 F.3d at 1242; *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). The Court must accept the factual allegations as true and draw all reasonable inferences in favor of the non-moving party, *Daniels-Hall*, 629 F.3d at 998; *Sanders*, 504 F.3d at 910; *Morales v. City of Los Angeles*, 214 F.3d 1151, 1153 (9th Cir. 2000), and in this Circuit, pro se litigants are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, *Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012); *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *Silva v. Di Vittorio*, 658 F.3d 1090, 1101 (9th Cir. 2011); *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).

### B.     Discussion

Plaintiff's complaint was screened and the Court determined it stated a claim upon which relief may be granted. 28 U.S.C. § 1915A; *Watison*, 668 F.3d at 1112. Defendant Negre presents

no arguments which persuade the Court it committed clear error in determining that Plaintiff's Eighth Amendment claim was cognizable or that any other grounds justifying relief from the screening order exist. *See Ingle v. Circuit City*, 408 F.3d 592, 594 (9th Cir. 2005) ("A district court abuses its discretion in applying the law of the case doctrine only if (1) the first decision was clearly erroneous; (2) an intervening change in the law occurred; (3) the evidence on remand was substantially different; (4) other changed circumstances exist; or (5) a manifest injustice would otherwise result.").

To maintain an Eighth Amendment claim, a prisoner must show that prison officials were deliberately indifferent to a substantial risk of harm to his health or safety. *E.g., Farmer v. Brennan*, 511 U.S. 825, 847, 114 S.Ct. 1970 (1994); *Thomas v. Ponder*, 611 F3d 1144, 1150-51 (9th Cir. 2010); *Foster v. Runnels*, 554 F.3d 807, 812-14 (9th Cir. 2009); *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006); *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000); *Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998). This requires the prisoner to demonstrate (1) the existence of an objectively serious risk of harm and (2) that, subjectively, prison officials knew of and disregarded that risk. *E.g., Farmer*, 511 U.S. at 834, 847; *Thomas*, 611 F.3d at 1150-51; *Foster*, 554 F.3d at 812.

A broken hand is unquestionably an objectively serious medical need, as is the need for pain relief following a fracture. *Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir. 2000).

With respect to the subjective element, Plaintiff alleges that his hand was visibly bruised and swollen; and that he informed Defendant Negre x-rays were taken and his hand was broken, that he had been in pain for three days, and that he had been instructed to obtain pain medication at the clinic. Plaintiff ultimately went without pain medication for eight days. These allegations are sufficient to support Plaintiff's claim that Defendant Negre was on notice that Plaintiff had a serious medical need. *Thomas*, 611 F.3d at 1150. Whether Defendant Negre acted reasonably in requiring Plaintiff to fill out a sick call slip rather than arranging for him to be seen by a doctor at that time or providing him with pain medication at that time is not subject to resolution at the pleading stage. *Farmer*, 511 U.S. at 844-45; *Thomas*, 611 F.3d at 1150-51. Plaintiff is entitled to have his allegations construed liberally and to be afforded the benefit of any doubt, *Akhtar v.*

*Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012), and the Court declines to find that Defendant Negre acted reasonably as a matter of law. Therefore, the Court recommends that Defendant's motion to dismiss for failure to state a claim be denied.

### III. Qualified Immunity

#### A. Legal Standard

Defendant Negre also argues that he is entitled to qualified immunity, which shields government officials from civil damages unless their conduct violates "clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727 (1982). "Qualified immunity balances two important interests - the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably," *Pearson v. Callahan*, 555 U.S. 223, 231, 129 S.Ct. 808 (2009), and it protects "all but the plainly incompetent or those who knowingly violate the law," *Malley v. Briggs*, 475 U.S. 335, 341, 106 S.Ct. 1092 (1986). "[T]he qualified immunity inquiry is separate from the constitutional inquiry" and "has a further dimension." *Estate of Ford v. Ramirez-Palmer*, 301 F.3d 1043, 1049-50 (9th Cir. 2002) (citing *Saucier v. Katz*, 533 U.S. 194, 205, 121 S.Ct. 2151 (2001)) (internal quotation marks omitted). "The concern of the immunity inquiry is to acknowledge that reasonable mistakes can be made. . . ." *Estate of Ford*, 301 F.3d at 1049 (citing *Saucier* at 205) (internal quotation marks omitted).

In resolving a claim of qualified immunity, courts must determine whether, taken in the light most favorable to the plaintiff, the defendant's conduct violated a constitutional right, and if so, whether the right was clearly established. *Saucier*, 533 U.S. at 201; *Mueller v. Auker*, 576 F.3d 979, 993 (9th Cir. 2009). While often beneficial to address in that order, courts have discretion to address the two-step inquiry in the order they deem most suitable under the circumstances. *Pearson*, 555 U.S. at 236, 129 S.Ct. at 818 (overruling holding in *Saucier* that the two-step inquiry must be conducted in that order, and the second step is reached only if the court first finds a constitutional violation); *Mueller*, 576 F.3d at 993-94.

### B. Clearly Established Right

The Court has determined that, at the pleading stage, Plaintiff's allegations are sufficient to support a claim that Defendant's conduct violated the Eighth Amendment. The inquiry then becomes whether the right was clearly established.

"For a constitutional right to be clearly established, its contours must be sufficiently clear that a reasonable officer would understand that what he is doing violates that right." *Hope v. Pelzer*, 536 U.S. 730, 739, 122 S.Ct. 2508 (2002). While the reasonableness inquiry may not be undertaken as a broad, general proposition, neither is official action entitled to protection "unless the very action in question has previously been held unlawful." *Hope*, 536 U.S. at 739. "Specificity only requires that the unlawfulness be apparent under preexisting law," *Clement v. Gomez*, 298 F.3d 898, 906 (9th Cir. 2002) (citation omitted), and prison personnel "can still be on notice that their conduct violates established law even in novel factual circumstances," *Hope*, 536 U.S. at 741. The salient question is whether the state of the law in 2008 would have given a reasonable officer fair notice that his action was unlawful and that any mistake to the contrary would have been unreasonable. *Chappell v. Mandeville*, 706 F.3d 1052, 1056-57 (9th Cir. 2013) (quotation marks omitted); *Hope*, 536 U.S. at 741.

It has long been established that prisoners have a constitutional right to receive medical care in prison. *Estelle v. Gamble*, 429 U.S. 97, 102-05, 97 S.Ct. 285 (1976). However, the Eighth Amendment is violated neither by medical malpractice, *Estelle*, 429 U.S. at 106; *Snow v. McDaniel*, 681 F.3d 978, 987-88 (9th Cir. 2012); *Wilhelm*, 680 F.3d at 1122, nor by isolated occurrences of neglect, *O'Loughlin v. Doe*, 920 F.2d 614, 617 (9th Cir. 1990) (quotation marks omitted); *Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990). Rather, deliberate indifference is shown where a prison official "knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer*, 511 U.S. at 847. The requisite state of mind is one of subjective recklessness, which entails more than ordinary lack of due care. *Snow*, 681 F.3d at 985 (citation and quotation marks omitted); *Wilhelm*, 680 F.3d at 1122.

1	In this case, Plaintiff's allegations depict medical care so deficient that after he broke his
2	hand, he suffered for more than week without any pain medication and his hand was ultimately
3	left deformed because he did not receive timely surgery.  Defendant Negre's involvement,
4	however, was limited to one encounter.  On September 29, 2008, Plaintiff reported to the medical
5	clinic after x-rays confirmed his hand was broken.  Plaintiff told Defendant Negre he had been
6	instructed to get pain medication at the clinic for his broken hand and he had been in pain for three
7	days.  Defendant Negre told him to fill out a sick call slip and informed him that he should receive
8	some pain medication that night.  While Plaintiff did not receive any medication that night, there
9	is no indication that Defendant Negre was responsible for that failure.

10	The Court has located no cases which would have placed Defendant Negre on notice that
11	he was required to take immediate action regarding Plaintiff's request for pain medication and that
12	in directing Plaintiff to fill out a sick call slip for the purpose of obtaining pain medication later
13	that day, he was acting unlawfully.[1]  *Cf. Snow*, 681 F.3d at 990 (physician's assistant not entitled to
14	summary judgment where, in response to an inquiry regarding alternate pain medication for the 20
15	days a month the inmate could not take his other prescribed pain medication, he responded that he
16	was going to let the prisoner, whose hip pain was significant and long term, suffer); *Frost*, 152
17	F.3d at 1130 (delays in administering pain medication were at most negligence and officials were
18	entitled to summary judgment).  While the Court need not locate cases finding that Defendant
19	Negre's actions were previously found unlawful, here there are simply no cases which would have
20	placed him on fair notice that he was "plainly incompetent" in the circumstance he confronted on
21	September 29, 2008.  *Stanton v. Sims*, __ S.Ct. __, __, No. 12-1217, 2013 WL 5878007, at *5, 81
22	USLW 3600 (2013); *Chappell*, 706 F.3d at 1056-57.  As a result, Defendant Negre is entitled to
23	qualified immunity.
24	///
25	///
26	///
27
28	---
[1] The Court takes judicial notice of Cal. Code Regs., tit. 15, § 3354(e), which addresses the medical sick call procedure and requires staff screen and evaluate requests for medical care.

6

## IV. Recommendation

Based on the foregoing, the Court HEREBY RECOMMENDS that Defendant Negre's motion to dismiss, filed on July 18, 2013, be DENIED as to the argument that Plaintiff's allegations fail to state a claim for relief and GRANTED on the ground of qualified immunity.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **November 13, 2013**              /s/ Sheila K. Oberto
                                                         UNITED STATES MAGISTRATE JUDGE

7